PER CURIAM.
Henry C. Osborn, Jr., appeals an order denying his petition for revocation of probate of the Will of his deceased brother, Tracy K. Osborn.
The order incorporated a comprehensive opinion setting forth findings and concluding that the testator possessed testamentary capacity 011 the date of execution of the Will and that the evidence as a whole showed no undue influence exerted by any of the beneficiaries on the testator.
No good purpose would be served by detailing the evidence incorporated in the voluminous record. Suffice it to say the record contains ample evidence to sustain the findings and the conclusion reached by the probate judge.
We deem it unnecessary to discuss applicable principles and rules of law which arc well defined. See In re Joiner’s Estate, Fla. *48 1963, 156 So.2d 161; Lown v. Patterson, Fla.App.1962, 147 So.2d 613; In re Witt’s Estate, Fla.App.1962, 139 So.2d 904, cert. denied, Fla.1962, 146 So.2d 754; In re Dunson’s Estate, Fla.App.1962, 141 So.2d 601; In re Peters’ Estate, 1945, 155 Fla. 453, 20 So.2d 487; 1 Page on Wills, Lifetime Edition § 184.
Affirmed.
SMITH, C. J., and ALLEN and WHITE, JJ., concur.